

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00236-CR

**CARLOS CRUZ PADRON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 45799CR**

## MEMORANDUM OPINION

Carlos Cruz Padron was convicted of aggravated sexual assault of a child and sentenced to life in prison. Because Padron was not harmed if the trial court erred in admitting extraneous offense evidence and because the trial court did not deny Padron the right to counsel, the trial court's judgment is affirmed.

Padron did not contest the sufficiency of the evidence to support his conviction. Thus, there is no need for us to relate the facts of the case.

**EXTRANEOUS EVIDENCE**

In his first issue, Padron contends the trial court erred in admitting extraneous evidence after the deadline to provide notice required by article 38.37, section 3 of the Texas Code of Criminal Procedure had passed. Specifically, Padron contends the notice given by the State was unreasonable.

In April of 2022, the State filed a notice of intent to use M.P.'s statements, through various witnesses, that Padron had touched her "no no spot," meaning her vagina. The notice alleged that one of the witnesses, the SANE examiner, would place the event at the park on more than one occasion.

On the morning of trial, over two months later, the State filed an additional notice of its intent to use another statement by M.P. that on more than one occasion Padron touched M.P.'s vagina in the bathroom at the place where Padron lived with M.P.'s father. At a pretrial hearing on the matter, the State explained to the trial court that late on the Friday afternoon before trial, the prosecutors met with M.P., and M.P. volunteered that Padron "did this" more than one time. The State further explained that Padron's counsel was notified by email "within an hour of learning it before the weekend…." Padron's counsel agreed that he received the information late Friday afternoon but did not see the notice until that morning. He asserted the information was "a complete surprise," and he "strongly" objected. Counsel also requested a continuance. After much discussion, the trial court overruled the objection and denied the motion for continuance.

Assuming without deciding the trial court erred, we conclude any error was harmless. Error in admitting evidence in violation of the notice provisions of article 38.37

is non-constitutional error. *See Pena v. State*, 554 S.W.3d 242, 248 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *Lara v. State*, 513 S.W.3d 135, 142-43 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Thus, we will not conclude error is harmful unless it had a substantial and injurious effect or influence in determining the jury's verdict. TEX. R. APP. P. 44.2(b).

Article 38.37 provides that "[t]he state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2 not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. art. 38.37 § 3.[1] Because the purpose of the article 38.37 notice provision is to enable the defendant to prepare a defense to the extraneous offenses, we consider in the harm analysis whether the lack of notice surprised the defendant or adversely affected his ability to mount an effective defense. *See Pena v. State*, 554 S.W.3d 242, 249 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd);*Villarreal v. State*, 470 S.W.3d 168, 176 (Tex. App.—Austin 2015, no pet).

Padron's counsel admitted at the pretrial hearing that he knew about the abuse occurring in the park. In fact, the April notice informed counsel of the park abuse and that the abuse occurred on more than one occasion. Counsel also admitted at the hearing that he knew from M.P.'s prior testimony the abuse also occurred in the bathroom.[2] Counsel complained that this new information "totally throws off my cross-examination" which would be based on what M.P. told the Gingerbread House—that Padron touched

---

[1] Sections 1 and 2 pertain to certain offenses covered by article 38.37. Padron was charged and convicted of an offense under section 2.

[2] Padron had been tried in April, but the jury deadlocked. M.P. testified at that trial.

her—and what M.P. testified to previously—that the abuse also occurred in the bathroom. Thus, the only new information, was that the bathroom abuse occurred more than one time. Counsel was already put on notice that the park abuse happened more than one time. That the bathroom abuse occurred more than once could not have been all that surprising.

Further, the trial court instructed the jury on extraneous evidence before M.P. testified and in the court's charge to the jury. Counsel thoroughly cross-examined M.P. regarding the inconsistencies in M.P.'s relaying of the offenses and the new information, and counsel argued the same to the jury. Further, one other victim-witness testified in the State's case in chief about Padron inappropriately touching her, kissing her, and showing her his penis. The witness stated these actions began when the witness was four years old and continued until she was a teenager.

Considering all the facts and circumstances presented, we cannot say that the State's late notice about the bathroom abuse occurring more than one time had a substantial and injurious effect or influence in determining the jury's verdict. Accordingly, Padron was not harmed by the trial court's error, if any, and Padron's first issue is overruled.

DEPRIVATION OF COUNSEL

In his second issue, Padron asserts that the trial court deprived Padron of his right to counsel when the court sustained the State's objection to Padron's closing argument.

There are four proper areas of jury argument: (1) a summation of the evidence; (2) a reasonable deduction drawn from that evidence; (3) an answer to opposing counsel's

argument; and (4) a plea for law enforcement. *Gonzalez v. State*, 616 S.W.3d 585, 594 (Tex. Crim. App. 2020). We review a trial court's ruling on an objection to jury argument for an abuse of discretion. *Id.* A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Although a trial court has broad discretion in controlling the scope of closing argument, it may not prevent defense counsel from making a point essential to the defense. *Wilson v. State*, 473 S.W.3d 889, 902 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). The improper denial of a jury argument may constitute a denial of the right to counsel, assuming the jury argument is one the defendant is entitled to make. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010).

Padron's counsel made the following argument to the jury:

> I guess I could be charged with it too because I've always wiped my child that way and my grandchild because that's what a parent does, and you don't think about, am I going to be sexually molested. But, guys, in today's society and the world around us, maybe its best you don't keep your—

At this point, the State objected, stating, "That's totally inappropriate and she knows that." The objection was sustained. [3]

In this issue, Padron asserts that the State's objection was made toward counsel's

---

[3] The State contends the trial court reversed its ruling a few moments later. We do not agree with the State. After the objection was sustained, Padron's counsel continued, "Okay. You've got to be careful." The State again objected saying, "Objection, your Honor –(Padron's counsel talking at the same time, saying "Think about what they're saying.")—it's inappropriate." This time, the trial court said, "No, overrule at *this* – stay general. (emphasis added)." Padron's counsel then went on to say, without objection from the State, "You've got to be careful about what you heard here today, and what is being told to you versus what you witnessed yourself." We believe the trial court was overruling the State's objection to counsel's statement, "You've got to be careful."

argument that an innocent act could be construed as criminal behavior which, as Padron argues on appeal, is a reasonable deduction of the evidence. It was not. Counsel had been continually making this same argument without objection. The State did not object until the next statement where counsel began to warn, "But, *guys*, in today's society and the world around us, maybe its best you don't keep your—." (Emphasis added). That particular statement is not a reasonable deduction from the evidence; neither does it fall into any other category of proper argument.

Accordingly, the trial court did not abuse its discretion in sustaining the State's objection, and thus, did not deny Padron his right to counsel. Padron's second issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed May 16, 2024
Do not publish
[CRPM]

